## Case No. 12,626.
### SEDGWICK v. WORMSER.

[7 N. B. R. 186.] [1]

District Court, S. D. New York.    May 8, 1872.

BANKRUPTCY—FRAUDULENT SALES—SALES TO CURTAIL BUSINESS.

On a bill in equity brought to set aside the sale and transfer of certain stores by the bankrupts, *held*, that from the evidence it appeared that the stores were sold at a fair price, before insolvency, for the purpose of curtailing the business of the bankrupts, and hence the transaction cannot be impeached for fraud. Bill dismissed with costs.

In equity.

T. M. North, for plaintiff.
E. Cook and W. A. Coursen, for defendant.

BLATCHFORD, District Judge. I do not think the bill in this cause can be sustained, either as to the four stores, or as to the mortgages. The transaction in respect to the four stores, regarded as a sale of them on the 26th of October, 1868, at the price of fifteen thousand dollars, paid for by the four notes of that date, is entirely free from objection. The Valks were not then insolvent or contemplating insolvency, in the sense of the bankruptcy act. To sell the stores, under the circumstances in which they were placed, for the purpose of curtailing their business, cannot be regarded as doing a thing out of the usual course of business, so as to be prima facie evidence of fraud. They did not fail until nearly seven weeks afterwards, nor was the sale of the stores made in fraud of their creditors, or with intent to hinder, delay or defraud them. The stores were transferred, so far as appears, for a fair and proper consideration, and there was an actual and continued change of possession of them. The notes given for the purchase were paid by the defendant at maturity, one of them before the failure of the Valks, the rest not becoming due till after their failure. The Valks raised the money on the notes and paid it to their creditors. There is nothing to throw a doubt on this view of the transaction in respect to the stores, except the fact that in the mortgages the four notes are spoken of as notes made by the defendant at the request of, and for the accommodation of the Valks, and that the mortgages provide that the notes shall be paid by the Valks, and are given on their faces to secure such payment. The defendant states that the real object of the mortgage, so far as

---
[1] [Reprinted by permission.]

it relates to these four notes, was to secure the defendant against any deficiency in the quantity of goods in the stores as compared with the quantity represented by the books of the Valks, by which he bought them. This explanation would be more satisfactorily brought out if it were shown how the mortgages came to be drawn as they were, saying nothing about the turning over of the stores. But I do not regard that point as material. The notes were in fact given and have been paid by the defendant. The stores, in fact, passed into the hands of the defendant under the circumstances stated. If the notes were accommodation notes, loaned by the defendant to the Valks, so that the mortgages truly state the transaction, and which I am inclined to think must be held to have been the case, then the transfer of the stores must be regarded as a turning over of them by the Valks to the defendant, on account of their obligations in the mortgages to pay the notes, leaving the mortgages as security for any deficiency in the stores to reimburse the defendant. On this view it is plain why the mortgages were drawn as they were, and why the defendant insisted on having the stores, and considering them as his own, and sold to him. The theory of the transaction was that they had in them fifteen thousand dollars worth of goods, just the amount of the notes, and he took them as having that. Yet, though he took them at that, and considered them as absolutely sold to him, he did not regard himself as bound to respond in respect of them, for any more than the goods really in them. Having received the stores, he regarded himself as bound primarily to pay the four notes, and he acted accordingly. Yet they were really accommodation notes which the Valks were to pay, and did pay, through him, by turning over the stores to him, and he paid for the stores by giving and paying the notes. He is to account with the plaintiff in respect of the four notes, and the other two notes, secured by the mortgages, and the contents of the four stores, having credit for the notes he has paid and being charged with the contents of the stores, and holding the mortgages as security for any balance due him on such accounting. Such accounting must take place in some other suit, based on the validity of the mortgages and of the transfer of the stores. It cannot take place in this suit, brought to set them aside. I am impressed with the conviction that these transactions with defendant were honest ones, and cannot be impeached by the plaintiff. The bill must be dismissed with costs.